# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LAYNE A. HALE,<br>        Appellant, | DOCKET NUMBER<br>DC-844E-15-0767-I-1 |
|       v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>        Agency. | DATE: March 3, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Layne A. Hale, Altavista, Virginia, pro se.

Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his application for disability retirement benefits under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was a City Mail Carrier with the U.S. Postal Service until he was removed in August 2015. Initial Appeal File (IAF), Tab 1 at 2, Tab 16, Hearing Compact Disc (HCD) at 19:00-29:00. The record reflects that the appellant stopped coming to work as of March 16, 2012, and as of May 23, 2014, had utilized 4,320 hours of leave without pay for medical reasons. IAF, Tab 6 at 24. In April 2014, he submitted an application for disability retirement under FERS to OPM, contending that he was unable to perform the duties of his position as of November 2011 due to degenerative disc injuries to his back and a shoulder injury. *Id.* at 20. OPM issued initial and reconsideration decisions denying the appellant's application for disability retirement benefits. *Id.* at 4-5, 12-18.

¶3 The appellant filed a timely Board appeal of OPM's reconsideration decision. IAF, Tab 1. After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming OPM's reconsideration

decision. IAF, Tab 17, Initial Decision (ID). The appellant has filed a petition for review in which he asserts that the administrative judge erred in finding that he failed to prove that his medical conditions were disabling. Petition for Review (PFR) File, Tab 1 at 2. OPM has filed a response in opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    An individual bears the burden of proving by preponderant evidence his entitlement to disability retirement. *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008); 5 C.F.R. § 1201.56(b)(2)(ii). To qualify for disability retirement benefits under FERS, an individual must meet the following requirements: (1) the individual must have completed at least 18 months of creditable civilian service; (2) the individual, while employed in a position subject to FERS, must have become disabled because of a medical condition resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the disability retirement benefits application is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) the individual must not have declined a reasonable offer of reassignment to a vacant position. *Henderson*, 109 M.S.P.R. 529, ¶ 8; 5 C.F.R. § 844.103(a); *see* 5 U.S.C. § 8451(a).

¶5    The Board has held that there are two ways to meet the statutory requirement that the individual "be unable, because of disease or injury, to render useful and efficient service in the employee's position"; namely, by showing that the medical condition (1) caused a deficiency in performance, attendance, or conduct or (2) is incompatible with useful and efficient service or retention in the position. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16

(2012); *see* 5 U.S.C. § 8451(a)(1)(B); 5 C.F.R. § 844.103(a)(2); *see also Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012) (finding that the standard is the same under both the Civil Service Retirement System and FERS). Under the first method, an individual can establish entitlement by showing that the medical condition affects his ability to perform specific work requirements, prevented him from being regular in attendance, or caused him to act inappropriately. *Henderson*, 117 M.S.P.R. 313, ¶ 16. Under the second method, an individual can establish entitlement by showing that the medical condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting. *Id.*

¶6        A determination of disability is based on objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence showing the effect of the individual's condition on his ability to perform the duties of his position. *Id.*, ¶ 19. The ultimate question, based on all relevant evidence, is: do the individual's medical impairments preclude him from rendering useful and efficient service in his position? *Id.*, ¶ 20. This question must be answered in the affirmative if the totality of the evidence makes that conclusion more likely to be true than not true. *Id.*

¶7        Here, there is no dispute that the appellant completed at least 18 months of creditable civilian service, the employing agency stated that it could not accommodate his alleged disabling medical conditions,[2] and he did not decline a reasonable offer of reassignment to a vacant position. At issue is whether the

_____

[2] On review, the appellant argues that the U.S. Postal Service could have accommodated him by affording him light duty, and he submits as support, for the first time, letters from a union official and a coworker. PFR File, Tab 1 at 2, 4-5. This appeal solely concerns the denial of the appellant's disability retirement application; to the extent he is alleging that his removal was due to the U.S. Postal Service's failure to accommodate him, the administrative judge instructed him as to how to file such an appeal. IAF, Tab 3 at 1 n.1; ID at 2 n.2. In any event, such arguments do not support the appellant's disability retirement claim. *See* 5 C.F.R. § 844.103(a)(4) (requiring accommodation of the disabling medical condition in the position held to be unreasonable).

appellant showed that, while employed in a position subject to FERS, he became disabled because of a medical condition that resulted in a deficiency in performance, conduct, or attendance, or, alternatively, that is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting.

¶8        In concluding that the appellant failed to meet his burden, the administrative judge found that there was insufficient objective medical evidence or reasoned medical opinion regarding the appellant's inability to perform the specific job duties of his position.  ID at 14.  She also found that the appellant's subjective accounts of his experience of pain alone were insufficient to support a finding that he had a medical condition that rendered him unable to perform useful and efficient service.  *Id.*

¶9        We agree with the administrative judge that there is a lack of objective evidence regarding how the appellant's medical conditions precluded him from performing his specific job duties; however, such evidence is not required to prove entitlement to disability retirement benefits.  *See Henderson*, 117 M.S.P.R. 313, ¶¶ 12–19 (overruling a line of cases that indicated such evidence is required).  Nonetheless, the administrative judge also properly considered the appellant's subjective account of his physical limitations and experience of pain, including both his testimony and prior statements made to his doctors as reflected in his medical documentation.  ID at 7, 14; *see Henderson*, 117 M.S.P.R. 313, ¶¶ 19, 23 (stating that subjective evidence of pain and disability is relevant and may be entitled to great weight especially if it is not contradicted by the record).

¶10       An appellant may establish entitlement to disability retirement based on medical evidence that consists of "a medical professional's conclusive diagnosis, even if based primarily on his/her analysis of the applicant's own descriptions of symptoms and other indicia of disability."  *Vanieken–Ryals v. Office of Personnel Management*, 508 F.3d 1034, 1041 (Fed. Cir. 2007).  OPM and the Board may, however, give limited weight to such evidence where, among other things, there

is contrary medical evidence or a lack of particularity in relating the diagnosis to the nature and extent of the disability. *Vanieken–Ryals*, 508 F.3d at 1042.

¶11 We agree with the administrative judge that the appellant's subjective accounts regarding the disabling nature of his back and shoulder pain are entitled to little weight in this case because they are contradicted by his medical documentation. ID at 14. Although the appellant was diagnosed with right shoulder pain, chronic back pain, and lumbar degenerative disc disease, such diagnoses were primarily based on his self-reported assessment of his symptoms rather than on clinical findings, test results, or other evidence. ID at 5-12; IAF, Tab 6. Despite the appellant's subjective reports of pain, his doctors' assessments indicate for the most part normal ranges of motion and results with some mild symptoms, abnormalities, and tenderness. ID at 5-12; IAF, Tab 6. His doctors' assessments also do not discuss the nature and extent to which these diagnoses render the appellant disabled. ID at 5-12; IAF, Tab 6. To the contrary, as the administrative judge noted, on January 17, 2013, the appellant's primary care physician indicated that the appellant was not incapacitated or totally unable to perform any work. ID at 14. The appellant has not submitted any evidence to the contrary. Accordingly, the administrative judge properly found that the appellant failed to establish that his back or shoulder pain caused a deficiency in his performance, attendance, or conduct,[3] or, in the alternative, was inconsistent with work in general, in a particular line of work, or in a particular type of work setting.

¶12 On review, the appellant asserts that he does not have additional medical documentation because he cannot afford continued treatment since his health insurance was cancelled in 2013. PFR File, Tab 1 at 2. The Board will not deny

---

[3] The appellant's supervisor indicated that the appellant had no conduct or performance issues, except as a result of his poor attendance as of March 16, 2012. IAF, Tab 6 at 24. However, inadequate performance based on excessive absenteeism alone is insufficient to establish a disability retirement claim. *See, e.g.*, *Guthrie v. Office of Personnel Management*, 105 M.S.P.R. 530, ¶ 6 (2007).

disability retirement for an otherwise qualified applicant because he was unable to afford more expensive treatment. *See Craig v. Office of Personnel Management*, 92 M.S.P.R. 449, ¶ 18 n.8 (2002). Here, however, we find that the record evidence, including medical evidence that the appellant submitted from physicians treating him prior to 2013, while he had health insurance, is insufficient for him to meet his burden to prove entitlement to disability retirement.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se

Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.